IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:15-CV-158-FL

| | | |
|---|---|---|
| PEYTON T. BATTLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EDGECOMBE COUNTY GOVERNMENT; | ) | |
| EDGECOMBE COUNTY SHERIFF's | ) | |
| OFFICE; and ROBERT S TINDER, JR. (aka | ) | |
| R.S. Tinder, Jr.), in his individual and official | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | | |

This matter is before the court on defendants' Edgecombe County Government and Edgecombe County Sheriff's Office motions to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 7, 9). The issues raised have been briefed fully, and in this posture are ripe for ruling. For the following reasons, defendant Edgecombe County Government's motion to dismiss and defendant Edgecombe County Sheriff's Office's motion to dismiss are granted.

**STATEMENT OF THE CASE**

On August 20th, 2015, plaintiff filed suit in Superior Court of Edgecomb County, which suit was removed to federal court on October 5th, 2015. In his complaint, plaintiff asserts claims against defendants Edgecombe County Government, Edgecombe County Sheriff's, and Robert S. Tinder, Jr. ("Tinder"), in his individual and official capacities, for events arising out of plaintiff's November 12, 2014, arrest and subsequent imprisonment. Plaintiff asserts claims against Tinder in both his

individual and official capacities for a generalized Fourth Amendment violation under 42 U.S.C. § 1983, a claim of malicious prosecution, a claim of false imprisonment, abuse of process, assault, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence. Plaintiff asserts that defendants Edgecombe County Government and Edgecombe County Sheriff's Office are liable for all of the above under theories of *respondeat superior*, as well as directly under a theory of negligence, and that defendant Edgecombe County Sheriff's Office is also directly liable for false imprisonment.

## STATEMENT OF THE FACTS

The facts alleged, as pertinent to the instant motions, may be summarized as follows. On November 6, 2014, defendant Tinder appeared before a magistrate judge and applied for a Warrant for Arrest on the basis of allegations made by a witness. (DE 1-2 at ¶ 17, 26-29). The warrant was granted, and on November 12, 2014, plaintiff was arrested for theft, assault with a deadly weapon, and conspiracy to commit felony robbery with a dangerous weapon, with bond set at $100,000. (DE 1-2 at ¶ 19, 35, 38). On or about November 19, 2014, plaintiff was released on his own recognizance, and charges against plaintiff were dismissed as "evidence points to the other suspects." (Id. at ¶ 50-52).

## DISCUSSION

A.     Legal Standard

The court may dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

A complaint need not set forth "detailed factual allegations," but instead must simply "plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility of misconduct.'" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 679). In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider 'legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Id. at 255 (citations omitted).

B.   Edgecombe County Sheriff's Office

Plaintiff has made claims of negligence and unlawful imprisonment against defendant Edgecombe County Sheriff's Office, as well as claims of a generalized Fourth Amendment violation under 42 U.S.C. § 1983, a claim of malicious prosecution, abuse of process, assault, battery, intentional infliction of emotional distress, and negligent infliction of emotional distress under a theory of *respondeat superior*.

Plaintiff argues that defendant Edgecombe County Sheriff's Office "has a practice and pattern of engaging in unreasonable seizures and abusive interrogation," and that defendant Edgecombe County Sheriff's Office is additionally liable for the acts of defendant Tinder due to his employment in defendant Edgecombe County Sheriff's Office. (DE 1-2 ¶ 120). Plaintiff claims that defendant Edgecombe County Sheriff's Office has waived immunity from suit by either purchasing insurance, participating in a risk pool fund and/or by entering into an indemnification contract with respect to tort liability. (DE 1-2 ¶ 14).

Defendant Edgecombe County Sheriff's Office argues that all of plaintiff's claims against

3

it necessarily fail as defendant Edgecombe County Sheriff's Office is not an entity that can be sued in North Carolina. Defendant states that state law dictates whether a governmental agency has the capacity to be sued in federal court, and state law has held that a Sheriff's Department does not have the capacity to be sued in federal court.

"The capacity of a governmental body to be sued in federal court is governed by the law of the state in which the district court is held." Avery v. Burke County, 660 F.2d 111, 1130114 (4th Cir. 1981). Where there exists no North Carolina statute authorizing suit against a governmental body, that governmental body does not have the capacity to be sued in federal court. Id. District courts in North Carolina have found that sheriff departments do not have capacity to be sued. See, e.g., Parker v. Bladen County, 583 F.Supp.2d 736 (E.D.N.C. 2008).

Moreover, while state law does provide that immunity can be waived by purchasing insurance, participating in risk pool funds, or entering into indemnification contracts, state law only provides this for specific categories of governmental entities. See e.g., N.C. Gen. Stat. §§ 153A-435 ("Purchase of insurance pursuant to this subsection waives the county's governmental immunity, to the extent of insurance coverage, for any act or omission occurring in the exercise of a governmental function."). Defendant Sheriff's Office does not fit in any of the categories for which North Carolina law creates such a waiver. See id.

State law does not authorize suit against defendant Edgecombe County Sheriff's Office. Therefore, defendant Edgecombe County Sheriff's Office lacks the capacity to be sued, and the claims against it must be dismissed.

C.  Edgecombe County Government

Plaintiff has made claims of negligence against defendant Edgecombe County Government,

as well as claims under a theory of *respondeat superior* of a generalized Fourth Amendment violation under 42 U.S.C. § 1983, malicious prosecution, abuse of process, assault, battery, intentional infliction of emotional distress, and negligent infliction of emotional distress.

Plaintiff builds his claim against defendant Edgecombe County Government around two assertions. First, plaintiff asserts that defendant Edgecombe County Government breached a duty of care against plaintiff. Second, plaintiff asserts that defendant Edgecombe County Government is vicariously liable for all the wrongs committed by the Sheriff or his deputies under a theory of *respondeat superior*. Defendant Edgecombe County Government argues by contrast that it cannot be held liable for the actions of a sheriff or his deputies, as "sheriff" is an elected position, and not an agent or employee of a county.

A county may only be held liable for actions over which it has final policymaking authority, which turns on how the state has allocated power and responsibility among its various entities. City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988); McMillian v. Monroe County, 520 U.S. 781, 784-786 (1997). "[U]nder North Carolina law, any allegations relating to personnel, training, or other law enforcement policies at the county jail fall within the sheriff's policymaking authority and are not attributable to the county." Jones v. Harrison, No. 412-cv-90-D, 2013 WL 1452861, *2 (E.D.N.C. Apr. 9, 2013). Instead, the sheriff has final and exclusive authority to make personnel, training, and other law enforcement policy decisions in his office. Id. §§ 153A-103, 162-24. To impose liability on the county, plaintiff must allege facts that establish defendant Edgecombe County Government's liability for the acts of the sheriff or his deputies. See City of St. Louis v. Praprotnik, 485 U.S. at 123; Parker v. Bladen Cnty, 583 F.Supp. 2d at 739 (dismissing complaint against county for failure to allege acts over which the county had final policymaking authority).

5

Plaintiff asserts that plaintiff was unlawfully arrested, imprisoned, and interrogated by defendant Tinder and his deputies, and seeks to hold defendant Edgecombe County Government liable for these alleged wrongs. Plaintiff's arrest, imprisonment, and interrogation by defendant Tinder, however, are actions relating to law enforcement and personnel policy, and as such, they fall within the Sheriff's policymaking authority, and not that of the Edgecombe County Government. Therefore, these actions are not attributable to defendant Edgecombe County Government. Plaintiff attempts to draw a connection by alleging that the Edgecombe County Government employs defendant Tinder, but sheriffs are directly elected, make their own personnel and training decisions, and are not employed or managed directly by any County. See N.C. Gen. Stat. § 162-1.

In sum, because plaintiff's has failed to allege any acts over which the county had final policymaking authority, the claims against defendant Edgecombe County Government must be dismissed.

## CONCLUSION

Based on the foregoing, the motion to dismiss all claims against defendant Edgecombe County Sheriff's Office (DE 9) is GRANTED. Likewise, the motion to dismiss all claims against defendant Edgecombe County Government (DE 7) is GRANTED. The claims against defendant Tinder in his personal and official capacities REMAIN. The clerk is directed to TERMINATE defendants Edgecombe County Sheriff's Office and Edgecombe County Government.

SO ORDERED, this the 17th day of December, 2015.

LOUISE W. FLANAGAN
United States District Court Judge